UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP D. STEELE,<br><br>        Petitioner,<br><br>vs.<br><br>DANIEL SULLIVAN[1], WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>        Respondents. | 4:21-CV-04171-LLP<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 of Phillip D. Steele, a person incarcerated pursuant to a judgment of a South Dakota state court. See Docket No. 1. Now pending is respondent's motion to dismiss Mr. Steele's petition without holding an evidentiary hearing. See Docket No. 4. Mr. Steele opposes the motion. See Docket No. 6. This matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the August 11, 2021, standing order of the Honorable Lawrence L. Piersol, United States District Judge.

---

[1] Mr. Steele originally named Doug Clark, former warden of the South Dakota State Penitentiary, as a respondent. Mr. Clark has been separated from that office. According to Federal Rule of Civil Procedure 25(d), the court substitutes Mr. Sullivan in his place.

**FACTS**

Mr. Steele has a number of state felony convictions. The state conviction which he challenges in this federal habeas petition is his conviction for escape. Docket No. 1 at p. 1. Respondent argues that any federal habeas petition premised on the unconstitutionality of Mr. Steele's escape conviction is time-barred and should be dismissed with prejudice. Docket No. 5 at p. 8. The following are the facts relevant to respondent's timeliness argument.[2]

In January 1992, Mr. Steele was charged with second-degree rape. State v. Steele, 510 N.W.2d 661, 663 (S.D. 1994). He was convicted after an April 1992 jury trial and he appealed his conviction to the state supreme court. Id. at 663-64. That court reversed and remanded for a new trial on January 5, 1994. Id. at 667. Following remand, Mr. Steele was again convicted of second-degree rape at a jury trial and he was sentenced to 107 years in prison in 1996. See Docket Nos. 5-1, 5-2.

In 1993, while Mr. Steele was in custody of the state following his first conviction and while his first direct appeal was proceeding, Mr. Steele was charged with the crime of escape. Docket No. 1 at p. 1. Mr. Steele alleges the charge was wrongful because he was on the Pine Ridge Indian Reservation at the time of the event and he is an enrolled member of the Oglala Sioux Tribe. Id.

---

[2] Respondent presents five separate bases for dismissing Mr. Steele's habeas petition without holding an evidentiary hearing. See Docket No. 5 at pp. 7-8. Because the timeliness argument is dispositive, the court addresses only that argument.

Respondent alleges Mr. Steele was given a funeral furlough to the reservation and failed to return to the custody of the state. Docket No. 5 at p. 3.[3] Mr. Steele was sentenced on February 22, 1996, for the crime of escape, to which he pleaded guilty. Docket No. 5-3. He was sentenced to 10 years' imprisonment with the sentence to run concurrently with his rape sentence. Id. Mr. Steele did not appeal his escape conviction or sentence.

On August 24, 2009, Mr. Steele filed his first state habeas petition collaterally attacking his escape conviction.[4] Docket No. 5-20. Mr. Steele, through counsel, then filed his instant § 2254 petition in this court on October 21, 2021. Docket No. 1. Respondent moves to dismiss the petition with prejudice without holding an evidentiary hearing because Mr. Steele filed his federal petition outside the one-year statute of limitations for § 2254 petitions. See Docket Nos. 4, 5.

---

[3] Mr. Steele appears to agree with this description as he states in his state habeas petition collaterally attacking his escape conviction that "Petitioner was lawfully authorized to attend a family death funeral on his home Indian reservation, Pine Ridge, South Dakota, where the said Escape was alleged . . . ." See Docket No. 5-20 at p. 1.

[4] Mr. Steele had filed previous state habeas petitions, but all of those petitions were collateral attacks on his rape conviction. They did not collaterally attack his escape conviction. See Docket Nos. 5-5 at p. 2, ¶ 14 (discussing 2000 state habeas petition); 5-8 (second state habeas petition dated 2004); and 5-14 (third state habeas petition dated 2009). Even if these petitions could affect the running of the AEDPA statute of limitations on Mr. Steele's escape conviction, his § 2254 petition in this court would still be untimely because none of these state habeas petitions were filed within one year of April 1996. Wood v. Milyard, 566 U.S. 463, 468 (2012).

## DISCUSSION

### A.   Scope of a § 2254 Petition

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005) (citing Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly.  Id. at 411.  "Rather, that application must also be *unreasonable*."  Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met.  Thatsaphone v. Weber, 137 F.3d 1041, 1045

4

(8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court must "more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

## B.  Statute of Limitations Under AEDPA

AEDPA contains a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)**  **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>>
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

5

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir.

2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mt. Pleasant Corr. Fac., 338 F.3d 851, 853 (8th Cir. 2003).

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the

circumstances. Holland, 560 U.S. at 649-50. Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

Here, Mr. Steele's federal petition is clearly untimely. His state court conviction became final for purposes of AEDPA's limitation period on March 23, 1996. AEDPA became law one month later on April 24, 1996. Wood v. Milyard, 566 U.S. 463, 468 (2012). When a person's conviction and sentence became final prior to the passage of AEDPA, as Mr. Steele's did, the person has one year from AEDPA's effective date to file a federal habeas petition under § 2254 or to file a state habeas petition in order to toll the running of the AEDPA statute of limitations. Id.

Mr. Steele did neither. Instead, he waited 12 years to file his first state habeas petition collaterally attacking his escape conviction. By that time, his AEDPA limitations period had already expired. When a state habeas petition is filed after the AEDPA limitations period has already expired, the state habeas petition cannot toll the running of the AEDPA statute of limitations. Curtiss, 338 F.3d at 853 (filing of state habeas petition could not toll AEDPA limitations period where AEDPA limitations period had already expired before the filing of the state petition).

As noted above, the statute of limitations is subject to equitable tolling, but it is Mr. Steele's burden to demonstrate that some extraordinary circumstance external to him prevented him from timely filing and that he

worked diligently to file his petition. Holland, 560 U.S. at 649. Mr. Steele has not carried this burden.

Mr. Steele only cites to Wood, Landgraf v. USI Film Products, 511 U.S. 244 (1994); and 8 U.S.C. § 2244(d), in support of his rebuttal to respondent's motion that "the procedural limitation of timeliness does not preclude this Court from considering Steele's Application on the merits." Docket No. 6 at pp. 2, 6-8. These authorities to not help Mr. Steele. Landgraf merely holds that provisions of the Civil Rights Act of 1991 granting the right to compensatory and punitive damages did not apply to cases which were pending on appeal at the time Congress passed the 1991 legislation. Landgraf, 511 U.S. at 285-86. But, as indicated above, the Supreme Court held that AEDPA *did* apply to state court convictions that became final prior to passage of AEDPA and that, for such cases, the persons could bring a habeas petition under § 2254 within one year of the effective date of AEDPA. Wood, 566 U.S. at 468. This Mr. Steele failed to do.

Mr. Steele asserts that Wood stands for the proposition that this court can ignore the respondent's assertion of a statute of limitations defense if the court wishes. Docket No. 6 at pp. 6-8. That is actually the opposite of what Wood stands for. The question in Wood was whether the court could raise the statute of limitations defense *sua sponte* if the state-respondent failed to raise the affirmative defense. Wood, 566 U.S. at 468. The Court held that, because the AEDPA limitations period implicates federal-state comity values beyond the concerns of the immediate parties, the court in its discretion could consider a

9

statute of limitations bar to a § 2254 habeas petition even if the state-respondent had forfeited that affirmative defense by failing to raise it. Id. at 471-73.

Mr. Steele's counsel is correct that a statute of limitations issue is not jurisdictional and is subject to equitable tolling, as discussed above. But as also discussed above, Mr. Steele has not carried his burden to demonstrate that equitable tolling should apply in his case. For all these reasons the court recommends dismissing Mr. Steele's petition as untimely.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 4] and dismissing Mr. Steele's petition [Docket No. 1] with prejudice and without holding an evidentiary hearing.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the

district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 21st day of December, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge
